**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-CR-0077-002-CVE |
| ) | |
| JASON KENT HIMEBAUGH, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| DUNLAP & KYLE CO., INC., ) | |
| ) | |
| Garnishee. ) | |

## OPINION AND ORDER

This matter came before the Court for hearing on May 16, 2007, on Plaintiff's Objection to Garnishee's Answer with Memorandum in Support and Request for Hearing [Dkt. # 50]. Plaintiff objects to the Answer [Dkt. # 48] of Garnishee Dunlap & Kyle ("D&L") to Plaintiff's Post-Judgment Continuing Writ of Garnishment which was issued on February 13, 2007 [Dkt. # 46]. Plaintiff appeared through counsel Phil Pinnell, Assistant United States Attorney. Defendant Jason Himebaugh appeared in person. Garnishee D&L did not appear. For the reason set forth below, the Court finds that Defendant's interest in the D&L Profit Sharing Plan and Trust is not exempt from garnishment.

*Background*

Defendant Jason Kent Himebaugh ("Himebaugh") was indicted on May 16, 2002, on one Conspiracy count under 18 U.S.C. § 371, and 39 mail fraud counts under 18

U.S.C. § 1341.  On August 5, 2002, Himebaugh pleaded guilty to one count of mail fraud.  On November 25, 2002, Himebaugh was sentenced to 12 months and 1 day imprisonment, supervised release of 3 years, special assessment of $100, and restitution in the amount of $153,610.35.  The balance due on unpaid restitution as of April 24, 2007, was $122,652.44.

In February 2007, the United States issued a garnishment summons to D&L.  In its Answer D&L states that "assets are currently held in trust and are not accessible to participant or his beneficiary or alternate payee."  Attached to the Answer was a copy of a Profit Sharing Plan and Trust Certificate of Participation for Himebaugh showing a total account balance of $7,536.12.  [Dkt. #48].  D&L contends these funds are exempt from garnishment.

*Discussion*

Under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3202(a), the U.S. may execute on "all property in which the judgment debtor has a substantial nonexempt interest."  The FDCPA defines property as including "any present or future interest, whether legal or equitable in real, personal … or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts))…. 28 U.S.C. § 3002(12).  D&L apparently contends that the money held in Himebuagh's profit-sharing account is exempt from garnishment.

The Certificate of Participation submitted by D&L states that Himebaugh is "100.0% vested" in his employer account(s), his matching account(s) and all other account(s).  Himebaugh's "total vested amount" in the profit-sharing plan is $7,536.12.

2

18 U.S.C. § 3613 outlines the procedures available to the United States to enforce a judgment imposing a fine; however, "all provisions of the section are also applicable for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). One available procedure is the FDCPA. See 28 U.S.C. § 3002(3)(B). Accordingly, in this instance, the U.S. has chosen to proceed by way of post-judgment garnishment summons pursuant to 28 U.S.C. § 3205. 18 U.S.C. §3613(a)(1) provides that a judgment may not be enforced against certain property. In *United States v. Rice*, 196 F.Supp.2d 1196 (N.D.Okla. 2002), this Court examined the same question presented here and found that a defendant's interest in a qualified employee pension plan such as the one at issue here is not exempt from garnishment. *Id.* at 1199. The Court found that "the government may enforce a criminal fine rendered in its favor against all of the Defendant's property except that property which would be exempt from a levy for the payment of federal income taxes." *Id.* Other courts have adopted the reasoning of *Rice*. *E.g.*, *United States of America v. First Bank & Trust East Texas*, 2007 WL 1091021 at *4 (E.D.Tex.); *U.S. v. Tyson*, 242 F.Supp.2d 469 (E.D.Mich. 2003).

*Rice* concerned a criminal fine and this case concerns an order of restitution. However, 18 § 3613(f), makes it clear that the procedures and provisions applicable to a judgment imposing a fine also apply to an order of restitution. Thus, the government may enforce an order of restitution against all of the Defendant's property except that which would be exempt from levy for payment of federal income taxes as noted in 26 U.S.C. § 6334(a). Defendant's interest in the D&L Profit-Sharing Plan and Trust does not fit within any of the categories noted in § 6334(a); therefore, no exemption under 18 U.S.C. §3613 applies. Furthermore, the Mandatory Victims Restitution Act of 1996

("MVRA"), 18 U.S.C. § 366A, makes it clear that the government may levy against money held in an ERISA qualified pension plan. *Rice* made clear that the MVRA created an exception to ERISA's anti-alienation provisions and, therefore, the government was free to execute on a defendant's interest in a qualified pension plan. *Rice*, 196 F.Supp.2d at 1201.

Accordingly, for the reasons set forth above, D&L's contention that Himebuagh's interest in the company's profit-sharing plan and trust is exempt from garnishment is rejected.

It is so ordered this 16th day of May 2007.

_____
Paul J. Cleary
United States Magistrate Judge